# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

|  |  |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP and FLORIDA ALLIANCE FOR RETIRED AMERICANS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> CORD BYRD, in his official capacity as Secretary of State of Florida, et al., <br><br> *Defendants*. | No. 4:26-cv-147-MW-MAF |

## THE SECRETARY AND DIRECTOR'S MOTION TO STAY PROCEEDINGS

Secretary of State Cord Byrd and Director of the Florida Department of Highway Safety and Motor Vehicles Dave Kerner ask this Court to stay all proceedings in this action, including their obligation to respond to the complaint and the parties' Rule 26 obligations, pending resolution of a motion to transfer in the Southern District of Florida. As detailed in their filings before the Southern District, the Secretary and Director maintain that this case should be transferred to the Southern District under the first-to-file rule and 28 U.S.C. § 1404(a). *See UnidosUS v. Byrd*, No. 1:26-cv-22257,

1

Doc.45 (S.D. Fla.). Given the pending motion before the Southern District, a stay of proceedings before this Court is appropriate.

<u>**Argument**</u>

**I.** On April 1, 2026, a group of plaintiffs filed a complaint for declaratory and injunctive relief in the Southern District of Florida against the Secretary of State and the Supervisors of Elections for Broward, Miami-Dade, and Palm Beach Counties. No. 1:26-cv-22257, Doc.1 (S.D. Fla.). That action challenges provisions in newly enacted House Bill 991. It was filed at 9:32am eastern, per the clerk's office.

Later that day, at 11:29am eastern to be precise, the Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans challenged the same law and commenced the instant action in the Northern District. No. 4:26-cv-00147, Doc.1 (N.D. Fla.). The Florida NAACP and Florida Alliance likewise seek declaratory and injunctive relief against HB 991. They're suing the Secretary, the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, and all of Florida's sixty-seven Supervisors of Elections.

"Under the first-filed rule 'when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case.'" *Exactech United States Inc. v. Midwest Med. Sols., LLC*, No. 1:19-cv-57, 2019 U.S. Dist. LEXIS 246311, at *2 (N.D. Fla. Apr. 24, 2019) (quoting *Collegiate Lic. Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013)). And "cases from the Eleventh Circuit and its district courts" say that the Southern District should decide the first-to-

file issue. *Humbert v. Bytedance, Inc.*, No. 5:24-cv-236, 2025 U.S. Dist. LEXIS 187124, at *6-7 (N.D. Fla. Jan. 28, 2025) (collecting cases).

The transfer issue under 28 U.S.C. § 1404(a) should also be decided by the Southern District. *Id.* at *7 n.2. That makes sense because "[t]he first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Lic. Co.*, 713 F.3d at 78.

**II.** With the Southern District considering the transfer issue, this Court should stay proceedings in this case. *Humbert*, 2025 U.S. Dist. LEXIS 187124, at *7-9; *see also Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp. 2d 1333, 1339 (N.D. Ga. 2005); *DocRX, Inc. v. InforMD, LLC*, No. 14-00486, 2015 U.S. Dist. LEXIS 71676, at *14-15 (S.D. Ala. Apr. 13, 2015), *magistrate recommendation adopted* 2015 U.S. Dist. LEXIS 71437 (S.D. Ala. June 2, 2015); *Akers Bioscience*, 2014 U.S. Dist. LEXIS 174158, at *4-5.

"Where a court stays proceedings on its own docket, such action is under the court's inherent powers to regulate the administration of its own business." *Lynch v. Ocwen Loan Servicing, LLC*, No. 22-12584, 2023 U.S. App. LEXIS 25365, at *10 (11th Cir. Sept. 26, 2023) (citing *Castanho v. Jackson Marine, Inc.*, 650 F.2d 546, 548 (5th Cir. Unit A June 1981)). A court's authority to stay proceedings is "incidental to its inherent power to control the disposition of the cases on its docket to save the time and effort of the court, counsel, and the parties." *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir.

3

2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). And a stay here would promote judicial economy and the orderly resolution of preliminary issues.

<u>**Conclusion**</u>

For the reasons outlined above, this action and all deadlines therein should be stayed pending the Southern District's determination of the pending transfer motion.

Dated: April 7, 2026

Respectfully submitted,

Ashley E. Davis (FBN 48032)
  General Counsel
Bilal A. Faruqui (FBN 15212)
  Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov
jenna.mclanahan@dos.fl.gov

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Florida Secretary of State and Florida Department of Highway Safety and Motor Vehicles Director*

## Local Rule 7.1(B) Certification

The undersigned certifies that he attempted in good faith to resolve the issues raised in this motion through a meaningful conference with Plaintiffs' counsel. Plaintiffs in this case oppose the requested relief.

/s/ Mohammad O. Jazil
Mohammad O. Jazil


## Local Rule 7.1(F) Certification

The undersigned certifies that this memorandum contains 690 words, excluding the case style and certifications, and otherwise complies with this Court's spacing and formatting requirements.

/s/ Mohammad O. Jazil
Mohammad O. Jazil


## Certificate of Service

I certify that on April 7, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil