IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*,<br><br>　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>CORD BYRD, in his official capacity as Secretary of State of Florida, *et al.*,<br><br>　　　　　　　　*Defendants.* | Civil Action No. 4:26-cv-00147-MW-MAF |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans ("NAACP Plaintiffs") respond to the motion to stay proceedings filed by Secretary of State Cord Byrd and Director of the Florida Department of Highway Safety and Motor Vehicles Dave Kerner ("State Defendants"). ECF No. 18. Specifically, NAACP Plaintiffs do not oppose transfer to the Southern District, consolidation for scheduling and trial purposes, or alignment of the pleading deadlines. NAACP Plaintiffs do, however, oppose the State Defendants' request to stay these proceedings while their procedural motion is pending before the Southern District. In support, NAACP Plaintiffs state as follows:

**BACKGROUND**

HB 991 is the latest installment in a nationwide scaremongering campaign promoting the fictional threat of widespread noncitizen voter fraud. Even though noncitizen voting poses no measurable threat to Florida's elections, the state has nonetheless joined a small minority of states that require voters to present documentary proof of citizenship ("DPOC") to register, remain on the rolls, and cast an effective ballot. The experiences of these other states teach that such DPOC requirements widely burden and disenfranchise eligible voters. There is no reason to think that the experience in Florida will be any different.

HB 991 was passed by the Florida Legislature on March 12, 2025. Nearly three weeks later, it was submitted to the Governor for signature. On April 1, the Governor held a press conference, during which he touted the bill as Florida's version of the federal SAVE Act, and at the conclusion of the press conference, he signed HB 991 into law.

Because HB 991 is certain to burden and disenfranchise scores of eligible Florida voters, two different plaintiff groups challenged the law the day it was signed. According to the Secretary's motion, UnidosUS and several other nonprofit groups ("UnidosUS Plaintiffs") filed their complaint at 9:32 a.m. EST. *See* Mot. to Transfer at 3, *UnidosUS v. Byrd*, No. 1:26-cv-22257 (S.D. Fla. Apr. 7, 2026), ECF No. 45. The UnidosUS Plaintiffs filed in the Southern District; named as defendants

Secretary Byrd and the Supervisors of Elections for Broward, Miami-Dade, and Palm Beach Counties; and brought one claim under the First and Fourteenth Amendments, alleging that HB 991 unduly burdens the right to vote. *See* Compl., *UnidosUS*, No 1:26-cv-22257, ECF No. 1. NAACP Plaintiffs, meanwhile, filed their complaint at 11:29 a.m. EST. *See* Mot. to Transfer at 4, *UnidosUS*, No. 1:26-cv-22257, ECF No. 45. NAACP Plaintiffs filed in this Court; named as defendants Secretary Byrd, Director Kerner, and all 67 Supervisors of Elections; and brought two claims under the First and Fourteenth Amendments, alleging that HB 991 both unduly burdens the right to vote and violates the Equal Protection Clause.

One week later, on April 7, Defendants Secretary Byrd and Director Kerner[1] filed a Motion to Transfer, Consolidate, and Align Pleading Deadlines ("Motion to Transfer") in the Southern District, asking that court to transfer this case to that court, consolidate the two cases, and align responsive pleading deadlines in the two cases. *See* Mot. to Transfer, *UnidosUS*, No. 1:26-cv-22257, ECF No. 45. The UnidosUS Plaintiffs consented to the motion. Although the State Defendants sought NAACP Plaintiffs' position on the motion, they filed before NAACP Plaintiffs had an opportunity to state their view.

---

[1] Although the motion was purportedly filed on behalf of both Secretary Byrd and Director Kerner, only Secretary Byrd is named as a defendant in the *UnidosUS* matter. *See* Compl. *UnidosUS*, No 1:26-cv-22257, ECF No. 1.

That same day, State Defendants filed the instant motion to stay in this Court. ECF No. 18. When asked their position, NAACP Plaintiffs explained that they would not oppose transfer to the Southern District but do oppose a stay.

**ARGUMENT**

Defendants rely on the "first-filed" rule to argue for transfer and consolidation of the pending challenges to HB 991 in the Southern District. That rule presumes "that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). State Defendants contend that the Southern District should transfer and consolidate the action filed in this Court. *See* Mot. to Transfer at 1, *UnidosUS*, No. 1:26-cv-22257, ECF No. 45.

NAACP Plaintiffs respond to (1) clarify their position on the State Defendants' Motion to Transfer; (2) address which court has authority to transfer the case; and (3) oppose any stay of the case while State Defendants' transfer motion remains pending in the Southern District.

1. NAACP Plaintiffs agree that judicial economy supports that the two cases be heard in the same Court on the same schedule. Consequently, NAACP Plaintiffs do not oppose State Defendants' motion to transfer to the Southern District. Nor do they oppose consolidating the two cases for scheduling and trial purposes,

*see* Fed. R. Civ. P. 42(a)(1), pursuant to which the parties would be heard before the same Court on the same schedule while retaining separate dockets, records, and briefs. *See, e.g.*, Order Consolidating Cases at 1, *Fla. State Conf. of Branches & Youth Units of the NAACP v. Byrd*, No. 4:23-cv-215 (N.D. Fla. July 25, 2023), ECF No. 117 (granting motion to consolidate matters "for scheduling and trial purposes").[2] NAACP Plaintiffs further do not oppose State Defendants' requested alignment of pleading deadlines.

2.    State Defendants' Motion to Transfer in the Southern District, and their motion to stay in this Court, presume that the Southern District will be able to effectuate the transfer of this case. That approach is consistent with this Court's decision in *Humbert v. Bytedance, Inc.*, No. 5:24-cv-236, 2025 WL 2412155, at *2 (N.D. Fla. Jan. 28, 2025). But authority in the Eleventh Circuit is not uniform on this score. Several courts—particularly in the Southern District of Florida—have come

---

[2] NAACP Plaintiffs object to any consolidation that would erase the distinct character of the two lawsuits, in which one case would rise or fall based on the pleadings or evidence in the other, or in which the parties were otherwise required to file joint pleadings or briefs. *See Hall v. Hall*, 584 U.S. 59, 67 (2018) (explaining the Court "underst[ands] consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them"); *McNally v. Infosys McCamish Sys., LLC*, No. 1:24-cv-995, 2025 WL 3125971, at *2 (N.D. Ga. Oct. 10, 2025) (recognizing courts' "responsibility to 'make sure that the rights of the parties are not prejudiced by' the consolidation of cases" (quoting *Lowe Elec. Supply Co. v. Rexel, Inc.*, No. 5:14-cv-335, 2015 WL 631151, at *1 (M.D. Ga. Feb. 12, 2015)).

out the other way, holding that only the second-filed court may decide a transfer motion. *See, e.g.*, *Abreu v. Pfizer, Inc.*, No. 7:21-cv-62122, 2022 WL 481184, at *5 (S.D. Fla. Feb. 16, 2022) ("[T]he proper venue in which to file a motion to transfer . . . is the venue from which the party wants to transfer away." (collecting cases)); *Kelly v. Gerber Prods. Co.*, No. 0:21-cv-60602, 2021 WL 2410158, at *2 (S.D. Fla. June 11, 2021) ("The motion to transfer is properly made before the second forum; once the case is transferred, the first forum may decide whether the action should proceed independently."); *see also United States v. Cincinnati Ins. Co.*, No. 6:20-cv-2360, 2022 WL 1800853, at *2 (M.D. Fla. Feb. 15, 2022) ("[I]t is typically the second-filed court, not the first-filed court, that initially determines whether the first-filed rule warrants transfer of the second-filed case to the first-filed court.") (quoting *Story v. Heartland Payment Sys., LLC*, No. 3:19-cv-724, 2021 WL 1053179, at *2 (M.D. Fla. Jan. 27, 2021)); *Coleman v. Town of Brookside*, No. 2:22-cv-423, 2022 WL 4391678, at *1 (N.D. Ala. Sep. 22, 2022) ("The first-filed rule generally involves the court presiding over a later-filed case being called upon to decide whether to transfer the case to the court with the first-filed case, since the latter has no authority to reach across districts and take a case from a sister court."). Indeed, at least one court has opined that "if the first-filed court attempted to order transfer of the second-filed case, the first-filed court would interfere with the jurisdiction of a

sister court, which is prohibited by black letter law." *Cincinnati Ins. Co.*, 2022 WL 1800853, at *2 (cleaned up).

In light of this precedent, it is quite possible—if not likely—that the Southern District will conclude that only this Court can transfer this case.

3.      State Defendants' decisions to file its motion to transfer this case only in the Southern District (which might not decide it, for the reasons explained), and to move in this Court to stay these proceedings while their Motion to Transfer remains pending in the Southern District, risks serious prejudice to NAACP Plaintiffs' ability to pursue their claims. Together, Defendants' motions raise the threat that NAACP Plaintiffs' case would become frozen in limbo between the two districts—stayed in the Northern District, but unable to move to the Southern District. A stay would both needlessly delay this case and prejudice Plaintiffs' ability to serve discovery requests, pushing resolution of this case closer to HB 991's effective date, when it will begin disenfranchising Florida voters.

Accordingly, NAACP Plaintiffs respectfully request that this Court deny State Defendants' motion to stay and, if it sees fit, exercise its discretion to *sua sponte* transfer this matter to the Southern District of Florida. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (noting the "long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a), . . . so long as the parties are first

given the opportunity to present their views on the issue" (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986))); *Meterlogic, Inc. v. Copier Sols., Inc.*, 185 F. Supp. 2d 1292, 1298 (S.D. Fla. 2002) ("In any event, a court may *sua sponte* initiate the transfer question under 28 U.S.C. § 1404.").

## CONCLUSION

The Court should deny the State Defendants' motion to stay.

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

The undersigned certifies that this Opposition to Defendants' Motion to Stay contains 1,709 words.

Respectfully submitted,

*<u>s/ Frederick S. Wermuth</u>*
Frederick S. Wermuth
Florida Bar No. 0184111
Quinn B. Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A. B
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com

Abha Khanna*
Walker McKusick*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177

akhanna@elias.law
wmckusick@elias.law

Christina A. Ford
FL Bar No. 1011634
Nicole Wittstein*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20002
Telephone: (202) 968-4490
cford@elias.law
nwittstein@elias.law

*Counsel for Plaintiffs*

*\* Pro Hac Vice applications forthcoming*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **15th day of April, 2026**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>*s/ Frederick S. Wermuth*</u>
Frederick S. Wermuth
Florida Bar No. 0184111
**KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.**
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com

9